[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR RECONSIDERATION NO. 217
Defendant Stephen Lerner asks the court to reconsider its decision, filed on January 11, 1995, in which the court denied his motion to strike the plaintiff's two count third revised complaint on the ground of nonjoinder of a necessary party.
The present action arises out of the plaintiffs' attempt to purchase three properties located at 1657, 1662, and 1664 Fairfield Beach Road. The plaintiffs allegedly contracted to purchase 1657 from defendants Elliot and Evelyn Koenig (the former owners of 1657), and contracted to purchase 1662 and 1664 from Kenneth Koenig (the owner of 1662 and 1664). The plaintiffs allege that the defendants breached their contract, and that defendants Elliot and Evelyn Koenig sold 1657 to defendant Lerner despite the fact that the plaintiffs were ready, willing and able to purchase said property. Kenneth Koenig is no longer a defendant in this action, because the court, Leheny, J., granted Kenneth's motion to dismiss in January 11, 1993, on the ground of insufficiency of process. The plaintiffs have not attempted to CT Page 2743 re-serve Kenneth Koenig.
In the first count of the third revised complaint, the plaintiffs assert a breach of contract claim against the Koenigs. In the second count, the plaintiffs assert a claim for tortious interference with contract against Lerner. Lerner filed a motion to strike the entire third revised complaint, dated January 20, 1993 (#161), on the ground of nonjoinder of a necessary party, Kenneth Koenig. On January 11, 1995, the court denied Lerner's motion on the ground that Kenneth Koenig was not a necessary party because the plaintiffs do not allege that Kenneth Koenig had any interest in the 1657 property.
In moving for reconsideration, Lerner argues that the court erred in reading the plaintiffs' prayer for relief as seeking specific performance from the Koenigs' only as to the 1657 property. Lerner contends that the plaintiffs, in their prayer for relief, seek specific performances to all three properties (at 1657, 1662 and 1664 Fairfield Beach Drive). Lerner argues that this mistake, if corrected, would require the court to rule that Kenneth Koenig is a necessary party to this action, and would require the court to grant the motion to strike because Kenneth Koenig is no longer a party to the action.
In the second count of the third revised complaint, the plaintiffs allege that Lerner tortiously interfered with their attempt to purchase the 1657 property, which was owned by Elliot and Evelyn Koenig, who are both parties to the present action. The second count has nothing to do with Kenneth Koenig and the 1662 and 1664 properties. Thus, Kenneth Koenig's presence is not required for resolution of the tortious interference claim asserted against Lerner.
In the first count of the third revised complaint, the plaintiffs assert a breach of contract claim against Elliot, Evelyn and Kenneth Koenig for their alleged failure to sell all three properties to the plaintiffs. This count does not involve Lerner, and it is questionable whether Lerner has standing as to strike a count in a complaint that does not pertain to him. Assuming arguendo that Elliot and Evelyn Koenig (the remaining party defendants on the first count) filed a motion to strike this count for nonjoinder of Kenneth Koenig (the owner of the 1663 and 1664 properties), their motion would fail because the first count would nevertheless state a legally sufficient breach of contract claim against Elliot and Evelyn Koenig with respect CT Page 2744 to the 1657 property.
Also, any problems that exist in the prayer for relief would not cause this action to fail based on the nonjoinder of Kenneth Koenig. For instance, in paragraph three of the prayer for relief, the plaintiffs seek "[a]n injunction compelling defendants to convey the Fairfield Beach Road property to the plaintiffs in accordance with the terms of the Contract." (Emphasis added.) In reading this paragraph in the light most favorable to the plaintiffs, it seems to seek specific performance as to only one property, which in the present case, would be the 1657 property. At worst, this paragraph is ambiguous. Thus, it is not clear that the court erred in interpreting the prayer for relief as seeking specific performance only as to the 1657 property. If Lerner seeks a clarification of this paragraph, he should have used one of the methods enumerated in the Practice Book for doing so.
In conclusion, Lerner's motion for reconsideration is without merit, and accordingly, is denied.
SAMUEL S. FREEDMAN, JUDGE